# EXHIBIT A

ctronically FILED by Superior Court of California, County of Los Angeles on 07/26/2022 12:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Tresvant,Deputy Clerk

Case 2:22-cv-06466-RGK-GJS    Document 1-1    Filed 09/09/22    Page 2 of 55    Page ID #:9

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** Target Corporation and Does 1-10
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** Linct Aboolian
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>312 North Spring Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV24000 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800, Marina del Rey, CA 90292                                      310.306.0515

| DATE:<br>*(Fecha)* 07/26/2022 | Clerk, by | Sherri R. Carter Executive Officer / Clerk of Court<br>S. Tresvant | , Deputy |
|---|---|---|---|
| | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Target Corporation

    under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

ctronically FILED by Superior Court of California, County of Los Angeles on 07/26/2022 10:13 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk

Case 2:22-cv-06466-RGK-GJS   Document 1   Filed 09/09/22   Page 3 of 55   Page ID #:10

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Audra Mori

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott E. Braybrooke    SBN: 128369<br>VOSS, SILVERMAN & BRAYBROOKE LLP<br>4640 Admiralty Way, Suite 800<br>Marina del Rey, CA 90292<br>TELEPHONE NO:310.306.0515    FAX NO. *(Optional):*310.306.5368<br>E-MAIL ADDRESS *(Optional):*scott@vsbllp.com<br>ATTORNEY FOR *(Name):*Plaintiff Linet Aboolian | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:312 North Spring Street
MAILING ADDRESS:312 North Spring Street
CITY AND ZIP CODE:Los Angeles, 90012
BRANCH NAME:Spring Street Courthouse

PLAINTIFF: Linet Aboolian

DEFENDANT: Target Corporation

[X] DOES 1 TO ____10____

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| [ ] AMENDED *(Number):*<br>Type *(check all that apply):*<br>[ ] MOTOR VEHICLE    [X] OTHER *(specify):*<br>　[ ] Property Damage    [ ] Wrongful Death<br>　[X] Personal Injury    [ ] Other Damages *(specify):*<br><br>Jurisdiction *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>　Amount demanded [ ] does not exceed $10,000<br>　　　　　　　　　[ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>　　[ ] from limited to unlimited<br>　　[ ] from unlimited to limited | 22STCV24000 |

1. **Plaintiff** *(name or names):*Linet Aboolian, an Individual

    alleges causes of action against **defendant** *(name or names):* Target Corporation and Does 1-10, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
    a. [ ] **except plaintiff** *(name):*
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe):*
        (3) [ ] a public entity *(describe):*
        (4) [ ] a minor [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify):*
        (5) [ ] other *(specify):*
    b. [ ] **except plaintiff** *(name):*
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe):*
        (3) [ ] a public entity *(describe):*
        (4) [ ] a minor [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify):*
        (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

PLD-PI-001

| SHORT TITLE:  Aboolian v. Target | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name):* Target Corporation
       (1) ☐ a business organization, form unknown
       (2) ☒ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

   c. ☐ except defendant *(name):*
       (1) ☐ a business organization, form unknown
       (2) ☐ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

   b. ☐ except defendant *(name):*
       (1) ☐ a business organization, form unknown
       (2) ☐ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

   d. ☐ except defendant *(name):*
       (1) ☐ a business organization, form unknown
       (2) ☐ a corporation
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1-10, inclusive     were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1-10, inclusive     are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property**
**Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE:  Aboolian v. Target | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☐ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: July 26, 2022

Scott E. Braybrooke
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(2)

| SHORT TITLE: Aboolian v. Target | CASE NUMBER: |
|---|---|

___First___    **CAUSE OF ACTION—General Negligence**    Page   4
(number)

ATTACHMENT TO   [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Linet Aboolian

alleges that defendant *(name):* Target Corporation

[X] Does ___1___ to ___10___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* August 2, 2021

at *(place):* 2195 Glendale Galleria, Glendale, CA 91210

*(description of reasons for liability):*

Plaintiff was a customer at Target when she slipped and fell as a result of a slippery foreign substance on the floor. The slipperiness of the foreign substance on the floor constituted an unreasonably dangerous condition. Defendants, and each of them, knew or should have known that the foreign substance was present on the floor and the floor was unreasonably dangerous for an extended period of time. Defendants, and each of them, failed to conduct regular inspections of the premises and remedy or warn of the dangerous condition that existed. Defendants, and each of them, created the unreasonably dangerous condition. As a result of this fall, Plaintiff suffered bodily injuries and damages as set forth above.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

PLD-PI-001(4)

| | |
|---|---|
| SHORT TITLE: Aboolian v. Target | CASE NUMBER: |

_____Second_____   **CAUSE OF ACTION—Premises Liability**   Page __5__
        (number)

ATTACHMENT TO   [X] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Linet Aboolian
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* August 2, 2021                              plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):* Plaintiff was a customer at Target when she slipped
and fell as a result of a slippery foreign substance on the floor. The slipperiness of the foreign substance on the floor
constituted an unreasonably dangerous condition. Defendants, and each of them, knew or should have known that the
foreign substance was present on the floor and the floor was unreasonably dangerous for an extended period of time.
Defendants, and each of them, failed to conduct regular inspections of the premises and remedy or warn of the
dangerous condition that existed. Defendants, and each of them, created the unreasonably dangerous condition. As a
result of this fall, Plaintiff suffered bodily injuries and damages as set forth above.

Prem.L-2.   [X] **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were *(names):* Target Corporation and

[X] Does ___1___ to ___10___

Prem.L-3.   [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):*

[ ] Does _____ to _____
Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4.   [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were *(names):*

[ ] Does _____ to _____
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were *(names):* Target Corporation and

[X] Does ___1___ to ___10___

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
**CAUSE OF ACTION—Premises Liability**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

ctronically FILED by Superior Court of California, County of Los Angeles on 07/26/2022 10:13 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk

Case 2:22-cv-06466-RGK-GJS   Document 1-4000  Filed 09/09/22   Page 8 of 55   Page ID #:15

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott E. Braybrooke      SBN: 128369<br>VOSS, SILVERMAN & BRAYBROOKE LLP<br>4640 Admiralty Way, Suite 800, Marina del Rey, CA 90292<br>TELEPHONE NO.: 310.306.0515    FAX NO. *(Optional):* 310.306.5368<br>E-MAIL ADDRESS: scott@vsbllp.com<br>ATTORNEY FOR *(Name):* Linet Aboolian | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME: Aboolian v. Target

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV24000 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [X] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
   issues that will be time-consuming to resolve                 courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence        court
                                                    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 26, 2022

Scott E. Braybrooke
_____
(TYPE OR PRINT NAME)                            ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ - Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE<br>Aboolian v. Target | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner lives. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Mandatory personal injury filing in North District. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| | **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | |
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/<br>Property Damage/<br>Wrongful Death (23) | ☑ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, (11) |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Aboolian v. Target | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Independent Calendar Courts** | | | |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| **Other Civil Cases Assigned to Independent Calendar Courts** | | | |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Aboolian v. Target | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/<br>negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental<br>Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off<br>consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                              Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer –<br>Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer –<br>Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post<br>Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer –<br>Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Aboolian v. Target | |

| | | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|---|
| **Judicial Review** | | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Aboolian v. Target | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| Miscellaneous Civil Petitions | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address, which is the basis for the filing location including zip code.  (No address required for class action cases).

| REASON: <br> ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | ADDRESS: <br> 2195 Glendale Galleria, Glendale, CA 91210 |
|---|---|
| CITY: <br> Glendale | STATE: <br> CA | ZIP CODE: <br> 91210 | |

**Step 5: Certification of Assignment:**  I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>07/25/2022</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7.  Additional copies of documents to be conformed by the Clerk.  Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/26/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT -**<br>**UNLIMITED PERSONAL INJURY CIVIL CASES**<br>**ASSIGNED TO THE PERSONAL INJURY HUB COURTS** | |
| Your case is assigned to the judicial officer indicated below in the Personal Injury Hub Court for all purposes, except for trial. | CASE NUMBER:<br>22STCV24000 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDICIAL OFFICER | | DEPT. |
|---|---|---|
| ✔ | Audra  Mori | 31 |

| | |
|---|---|
| **FINAL STATUS CONFERENCE:**<br>    DATE: _____ 01/09/2024 _____ at 10:00 a.m. | |
| **TRIAL DATE:**<br>    DATE: _____ 01/23/2024 _____ at 8:30 a.m. | |
| **ORDER TO SHOW CAUSE RE: DISMISSAL (Code of Civil Procedure, section 583.210)**<br>    DATE: _____ 07/23/2024 _____ at 8:30 a.m. | |

Given to the Plaintiff / Attorney of Record

On 07/26/2022 _____
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams _____ Deputy Clerk

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL PERSONAL INJURY CASES

## INSTRUCTIONS FOR HANDLING UNLIMITED PERSONAL INJURY CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDICIAL OFFICER
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purpose to a judicial officer, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assignment to the Personal Injury Hub Courts will be subjected to processing under the standards listed below.

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days. Failure to do so may result in the imposition of sanctions.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than eight court days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court and time standards, or deadlines established by the Court or by Chapter Three Rules.  Such sanctions may be on a party, or if appropriate on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to a PI Hub Court for all purposes except for trial or an Independent Calendar Courtroom for all purposes depending on the PI Case Type.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to a PI Hub Court for all purposes except for trial or an Independent Calendar Courtroom for all purposes depending on the PI Case Type.

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL PERSONAL INJURY CASES

2022-SJ-008-02

**FILED**
Superior Court of California
County of Los Angeles

MAY 04 2022

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Anoush Mchitarian

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the ) <br> Personal Injury Hub Courts (Spring Street ) <br> Courthouse) ) <br> _____ ) | SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURTS EFFECTIVE MAY 16, 2022 (REVISED 05/04/2022) |

**STANDING ORDER RE: PROCEDURES AT PERSONAL INJURY**

**HUB COURTS AT THE SPRING STREET COURTHOUSE**

The Superior Court of California, in and for the County of Los Angeles (Superior Court, Los Angeles County), hereby issues the following order prescribing the procedures to be followed in the Personal Injury Hub Courts at the Spring Street Courthouse.

**1. Authority**

This order is being made pursuant to the Code of Civil Procedure, the California Rules of Court, rule 3.720, and the Superior Court, Los Angeles County, Local Rules, rule 3.23. It supersedes the following General and Standing Orders:

A. Amended General Order Re: General Jurisdiction Personal Injury Cases – Filing Location (5/16/2014);

B. First Amended Standing Order Re: Final Status Conference, Personal Injury ("PI") Courts (4/16/2018);

2022-SJ-008-02

1    First Amended Standing Order Re: Personal Injury Procedures at the Spring

2    Street Courthouse (2/24/2020);

3    C. Third Amended Standing Order Re: Final Status Conference, Personal Injury

4    ("PI") Courts (2/24/2020);

5    D. Fifth Amended Standing Order Re: Mandatory Settlement Conference (2/24/20);

6    E. Amended Supplemental Standing Order re Covid Protective Measures Related to

7    Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse

8    (12/22/2020);

9    F. Sixth Amended Standing Order Re: Mandatory Settlement Conference (6/23/21);

10   and

11   G. Second Amended Supplemental Standing Order re Covid Protective Measures

12   Related to Final Status Conferences in Personal Injury Cases at the Spring Street

13   Courthouse (10/08/2021).

14   **2. Definition of Personal Injury (PI) Cases**

15   As prescribed by the Superior Court, Los Angeles County, Local Rules, rule 2.3(a)(1)(A),

16   "personal injury" cases are those alleging injuries arising from:

17   ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

18   ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death

19   ☐ 2301 Premises Liability (e.g., dangerous conditions of property, slip/trip and fall,

20   dog attack, etc.)

21   ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault,

22   battery, vandalism, etc.)

23   ☐ 2303 Intentional Infliction of Emotional Distress

PAGE 2 OF 19

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN**
**THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1    ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death

2    ☐ 2307 Construction Accidents

3    The Superior Court, Los Angeles County, will assign a case to the PI Hub Courts if

4    plaintiff(s) checks any of the above boxes on the Civil Case Cover Sheet Addendum and

5    Statement of Location (Form LASC CIV 109).

6    However, cases alleging causes of action for product liability, medical or health

7    professional malpractice, elder abuse, sexual abuse, and habitability issues **will not** be assigned

8    to the PI Hub Courts. If any of the following boxes are checked on the Civil Case Cover Sheet

9    Addendum and Statement of Location, the case will be assigned to an Independent Calendar

10   Court:

11   ☐ 2401 Product Liability (not asbestos or toxic/environmental)

12   ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (Civil Code,

13   sections 1790-1795.8) (Lemon Law)

14   ☐ 2305 Elder/Dependent Adult Abuse and Claims Against Skilled Nursing Facility

15   ☐ 2306 Intentional Conduct - Sexual Abuse Case (in any form)

16   ☐ 2308 Landlord - Tenant Habitability (e.g., bed bugs, mold, etc.)

17   ☐ 4501 Medical Malpractice - Physicians & Surgeons

18   ☐ 4502 Other Professional Health Care Malpractice

19   Independent Calendar Courts will handle such cases for all purposes, including trial.

20   **3.  Assignment to PI Hub Court and Final Status Conference, Trial, and Order to Show**

21   **Cause Dates**

22   All PI cases filed in Los Angeles County (with the exception of those filed in the Michael

23   Antonovich Antelope Valley Courthouse) will be assigned to a PI Hub Court located at 312

**PAGE 3 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN**
**THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1 North Spring Street, Los Angeles, CA 90012.  In addition, upon filing, a case will be assigned a

2 Trial date approximately 18 months from the filing date, a Final Status Conference (FSC) date

3 approximately eight court days prior to the Trial date, and a date for a hearing on an Order to

4 Show Cause why the case should not be dismissed pursuant to Code of Civil Procedure sections

5 583.410 and 583.420(a)(1) approximately 24 months from the filing date.

6 **4.  Transferring Cases from the PI Hub Courts**

7 The PI Hub Courts may transfer a case *sua sponte* based upon a determination that the

8 case is either not a PI case or that it requires more case management than the PI Hub Courts can

9 provide, given their case inventories.

10 **5.  Filing of Documents**

11 Except for self-represented litigants or counsel who have obtained an exemption from

12 mandatory electronic filing, parties must electronically file documents. Filings are no longer

13 accepted via facsimile. The requirements for electronic filing are detailed in the Superior

14 Court, Los Angeles County's operative General Order Re Mandatory Electronic Filing for

15 Civil, available online at https://www.lacourt.org/division/efiling/pdf/GenOrdCivilEfiling.pdf.

16 **6.  Service of Summons and Complaint**

17 Plaintiff(s) shall serve the summons and complaint upon Defendant(s) within 60 days of

18 filing of the complaint.  (California Rules of Court, rule 3.110 (b).) Failure to do so may result

19 in the imposition of sanctions. (Code of Civil Procedure, sections 128, 177.5; California Rules

20 of Court, rule 2.30.) In addition, at a hearing on an Order to Show Cause re Dismissal (described

21 in Paragraph three above), the PI Hub Courts may dismiss the case and/or all unserved parties

22 unless Plaintiff(s) shows cause why the case or the unserved parties should not be dismissed.

23 (Code of Civil Procedure, sections 583.410, 583.420(a)(2).).

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

**7.  Stipulations to Advance or Continue Trial**

The Court may honor stipulations by all parties to a case to advance or continue a trial, provided that the proposed trial date is not beyond 24 months of the filing of the complaint, without a showing of good cause.

To advance or continue a trial date, the parties (or their counsel of record) should jointly execute and submit a (Proposed) Order and Stipulation to Continue Trial, FSC [and Related Motion/Discovery Dates Personal Injury Courts Only (Central District)] (LACIV-CTRL-242). The PI Hub Courts schedule FSCs at 10:00 a.m., approximately eight court days before the trial date. Parties seeking to advance or continue trial and FSC dates shall file the stipulation at least eight court days before the existing FSC date.  (Code of Civil Procedure, section 595.2; Government Code, section 70617(c)(2).)  In selecting a new trial date, parties should avoid setting on Mondays, or Tuesdays following a court holiday.

Parties may submit a maximum of two stipulations to continue trial for a total continuance of six months before 24 months of the filing of the complaint.  Other requests to continue trial will be granted only upon a showing of good cause by noticed motion.

**8.  No Case Management Conferences**

The PI Hub Courts do not conduct case management conferences. Thus, the parties need not file a Case Management Conference Statement.

**9.  Law and Motion**

A.  Reservation Hearing Date

Parties must reserve hearing dates for motions in the PI Hub Courts using the Court Reservation System (CRS) available online (www.lacourt.org). After reserving a motion hearing date, the reservation requestor must submit the moving papers for filing with the reservation

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

1  receipt number printed on the face page of the document under the caption and attach the

2  reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS

3  to reserve a hearing date may contact the assigned PI Hub Court for assistance, Monday through

4  Friday, between 3:00 p.m. and 4:00 p.m.

5  As soon as a reservation requestor realizes that a motion hearing, or other proceeding

6  requiring a reservation in the PI Hub Courts, such as in Informal Discovery Conference (IDC)

7  will not be necessary, the reservation requestor shall immediately use CRS to cancel the

8  reservation for the motion hearing, or other proceeding requiring a reservation.

9  If the moving party deems the hearing date to be too far in the future (for example, after

10  the trial date), parties should check CRS from time to time because earlier hearing dates may

11  become available as cases settle or hearings are taken off calendar.  The Court will not advance

12  a hearing date because it is set after a trial date.  If a hearing is set after the trial date, the moving

13  party should seek to continue the trial, by noticed motion, instead.  (See, Section 10. Ex Parte

14  Applications, below.)

15  B.  Electronically Filed Documents

16  Any and all electronically filed documents must be text searchable and bookmarked

17  pursuant to the operative General Order re Mandatory Electronic Filing for Civil, General Order

18  re Mandatory Electronic Filing in Civil.

19  C.  Courtesy Copies

20  Courtesy copies are required for Ex Parte Applications, Motions for Summary Judgment,

21  Oppositions to Ex Parte Applications and Motions for, Oppositions to, and Replies to

22  Oppositions to Motions for Summary Judgment or Summary Adjudication.

23  ///

1       Courtesy copies must be submitted directly to the assigned PI Hub Court at the Spring

2   Street Courthouse. The PI Hub Courts strongly encourage the parties filing and opposing lengthy

3   motions for summary judgment or adjudication, to submit one or more three-ring binders

4   organizing the courtesy copies behind tabs. Any courtesy copies of documents with declarations

5   and/or exhibits must be tabbed. (California Rules of Court, rule 3.1110(f).) All deposition

6   excerpts referenced in briefs must be marked on the transcripts attached as exhibits. (California

7   Rules of Court, rule 3.1116(c).) Courtesy copies, including any media attached thereto, will be

8   destroyed by the Court without notice following the hearing.

9     D.  Withdrawal of Motions

10      If a moving party takes a motion off a PI Hub Court's calendar, the moving party must

11  notify the court immediately and should remove the item from the Court's calendar on CRS.

12  (California Rules of Court, rule 3.1304(b).)  If, in response to a demurrer or a motion to strike,

13  a party exercises its right to amend a pleading as prescribed by Code of Civil Procedure section

14  472(a), the Court requests that party work with the party who filed the demurrer or motion to

15  strike to take the demurrer or motion to strike off calendar so that the PI Hub Courts do not

16  needlessly prepare tentative rulings.

17    E.  Motions to Compel Further Responses to Discovery

18      PI Hub Courts will not hear Motions to Compel Further Discovery Responses to

19  Discovery until the parties have engaged in an Informal Discovery Conference (IDC).

20      PI Hub Courts may deny or continue a Motion to Compel Further Responses to

21  Discovery unless the parties have participated in an IDC before the scheduled hearing on a

22  motion to compel further discovery responses.

23  ///

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-02

After meeting and conferring about available dates for an IDC, the moving/propounding party shall reserve an IDC through CRS (see paragraph 9 above) and provide notice of the reserved IDC to the opposing/responding party by filing and serving an Informal Discovery Conference Form for Personal Injury Courts  LASC CIV 239 at least 15 court days before the IDC and attach the CRS reservation receipt as the last page. **The IDC will not be "scheduled" by the court until the IDC Form is filed.** The opposing/responding party may file and serve a responsive IDC Form at least 10 court days before the IDC.  All parties shall briefly set forth their respective positions on the pending discovery issues on the IDC Form.

Ideally, the parties should participate in an IDC before a Motion to Compel Further Discovery Responses is filed because the IDC may avoid the necessity of such a motion or, at least, reduce its scope.  Because of that possibility, parties are encouraged to stipulate to extend the deadline for filing a Motion to Compel Further Discovery Responses by 60 days in order to allow time to participate in an IDC and to informally resolve the pending discovery issues.

Note:  Reserving or scheduling an IDC does not **extend the time to file a Motion to Compel Further Discovery Responses.**

If parties do not stipulate to extend the deadline(s) to file a Motion to Compel Further Discovery Responses, the moving/propounding party may file the motion to avoid it being deemed untimely.  However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when an IDC is scheduled.  Note:  A party's failure to stipulate to extend the time to bring a Motion to Compel Further Discovery Responses so that an IDC may be held may subject the parties and/or counsel to the imposition of sanctions.

///

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

1    The PI Hub Courts have found that, in most cases, IDCs are successful at assisting the

2    parties to amicably resolve their discovery disputes, and in resolving the case as a whole.  The

3    purpose of the IDC is to assist the parties to resolve and/or narrow the scope of discovery

4    disputes.  Therefore, parties, through their respective counsel of record with full authority to

5    make binding agreements, shall participate in the scheduled IDC. The PI Hub Courts have found

6    that most discovery disputes result from a failure to meaningfully meet and confer on the pending

7    discovery issues.  The PI Hub Courts generally find that meeting and conferring by only

8    exchanging letters and e-mails, as opposed to actual conversation, are insufficient and

9    ineffective. Thus, in requesting an IDC, the parties must indicate on their IDC forms what efforts

10   were made to informally resolve pending discovery issues, which must include in-person or

11   virtual meetings or telephonic communications.  (The PI Hub Courts require this same showing

12   in declarations filed in support of, and in opposition to, Motions to Compel Further Discovery

13   Responses.)

14   Time permitting, the PI Hub Courts may be available to conduct IDCs to resolve other

15   types of discovery disputes.

16   **10. Ex Parte Applications**

17   The PI Hub Courts will only grant ex parte relief upon a showing, by admissible

18   evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where

19   the moving party identifies "a statutory basis for granting relief ex parte." (California Rules of

20   Court, rule 3.1202(c).)  The PI Hub Courts have no capacity to hear multiple ex parte

21   applications or to shorten time to add hearings to their fully booked motion calendars.  Given

22   the PI Hub Courts' impacted calendars, a PI Hub Court's unavailability for timely motion

23   hearings is not an "immediate danger" or threat of "irreparable harm" justifying ex parte relief.

1 Instead of seeking ex parte relief, the moving party should reserve the earliest available motion

2 hearing date (even if it is after the scheduled trial date) and file a noticed motion to continue the

3 trial.

4     And, again, parties should check CRS from time to time because earlier hearing dates

5 may become available as cases settle or hearings are taken off calendar.

6 **11. Jury Fees**

7     Parties must pay jury fees no later than 365 calendar days after the filing of the initial

8 complaint. (Code of Civil Procedure, § 631(c)(2).)

9 **12. Final Status Conference**

10   A. Purpose

11     The purpose of the FSC is to verify that the parties are completely ready to proceed with

12 trial continuously and efficiently, from day to day, until verdict. The PI Hub Courts will verify

13 at the FSC that all parties have (1) prepared all necessary trial documents, and (2) met and

14 conferred in an effort to stipulate to ultimate facts, legal issues, Motions in Limine, and the

15 authentication/foundation and admissibility of exhibits.

16   B. Trial Documents to Be Filed

17     At least five calendar days prior to the FSC, the parties shall serve and file the following

18 Trial Readiness Documents:

19     1. Trial Briefs (Optional)

20   Each party may, but is not required to, file a trial brief succinctly identifying:

21       a. the claims and defenses subject to litigation;

22       b. the major legal issues (with supporting points and authorities);

23       c. the relief claimed and calculation of damages sought; and

1    d. any other information that may assist the court at trial.

2    2.  Motions in Limine

3    Before filing Motions in Limine, the parties shall comply with the statutory notice

4    provisions of Code of Civil Procedure section 1005 and the requirements of the Superior Court,

5    Los Angeles County, Local Rules, rule 3.57(a).  The caption of each Motion in Limine shall

6    concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than

7    one Motion in Limine shall number them consecutively.  Parties filing opposition and reply

8    documents shall identify the corresponding motion number in the caption.

9    3.  Joint Statement to Be Read to the Jury

10   For jury trials, the parties shall prepare and file a joint written statement of the case for

11   the trial court to read to the jury.  (Superior Court, Los Angeles County, Local Rules, rule

12   3.25(g)(4).)

13   4.  Joint Witness List

14   The parties shall prepare and file a joint, alphabetized by last name, list of all witnesses

15   that each party intends to call, excluding impeachment and rebuttal witnesses.  (Superior Court,

16   Los Angeles County, Local Rules, rule 3.25(g)(5).)  The joint witness list shall identify each

17   witness by name, specify which witnesses are non-experts and experts, estimate the length of the

18   direct, cross, and re-direct examination of each witness, and include a total number of hours for

19   all witness testimony.  The parties shall identify all potential witness scheduling issues and

20   special requirements.  Any party who seeks to elicit testimony from a witness not identified on

21   the witness list must first make a showing of good cause to the trial court.

22   ///

23   ///

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-02

5.  List of Proposed Jury Instructions (Joint and Contested)

The parties shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, including columns to indicate whether an instruction is agreed to or contested. In addition, the List of Proposed Jury Instructions must include columns for a trial judge to indicate whether an instruction was given, given as modified, refused or withdrawn. (California Rules of Court, rule 2.1055.)

6.  Jury Instructions (Joint and Contested)

The parties shall prepare a complete set of full text proposed jury instructions in a format ready for submission to the jury, by editing all proposed California Civil Jury Instructions including inserting party name(s) and eliminating blanks, brackets, and irrelevant material. The parties may prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (**i.e., there should be no boxes or other indication on the printed instruction itself as to which party is requesting the instruction).**

7.  Joint Verdict Form(s)

The parties shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all parties. (Superior Court, Los Angeles County, Local Rules, rule 3.25(g)(8).) If the parties cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

8.  Joint Exhibit List

The parties shall prepare and file a joint exhibit list organized with columns identifying each exhibit, setting forth stipulations, if any, to authenticity/foundation and admissibility of exhibits, and specifying evidentiary objections, if any, to the admission of an exhibit.  If an objection to an exhibit is not articulated on the exhibit list, the trial court may deem the exhibit

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

1  admitted. The parties shall meet and confer regarding stipulations to authenticity/foundation and

2  admissibility of exhibits, and to resolve objections, if any, to the admission of an exhibit, before

3  filing the Joint Exhibit List.

4        9.  Page and Line Designation for Deposition and Former Testimony

5        If the parties intend to use deposition testimony or former trial testimony in lieu of any

6  witness' live testimony, the parties shall meet and confer, and jointly prepare and file a chart

7  with columns for each of the following:  1) the page and line designations of the deposition or

8  former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses

9  thereto, and 5) the Court's ruling.

10  C.  Items to be Presented at the Final Status Conference

11        1.  Trial Binders

12        The parties shall jointly prepare (and be ready to temporarily lodge) 3-ring binders

13  containing conformed (filed in eCourt) copies of all the following:

14        Tab A: Trial Briefs (Optional)

15        Tab B: Motions in Limine

16        The parties shall organize Motions in Limine (tabbed in numerical order) with the

17        opposition papers and reply papers for each motion placed directly behind the moving

18        papers.

19        Tab C: Joint Statement to Be Read to the Jury

20        Tab D: Joint Witness List

21        Tab E: Joint List of Jury Instructions (identifying the agreed upon and contested

22        instructions)

23        Tab F: Joint and Contested Jury Instructions

SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

The parties shall organize proposed jury instructions with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each party.

Tab G: Joint and/or Contested Verdict Form(s)

Tab H: Joint Exhibit List

Tab I: Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

Tab J: Copies of the Current Operative Pleadings (including the operative complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

    2.   Filing and Electronic Submission of Trial Documents

In an effort to reduce the number of in-person appearances in the PI Hub Courts, in addition to the parties filing and serving the Trial Documents at least five calendar days prior to the FSC, two court days prior to the FSC, the parties must provide the PI Hub Court with the trial binders in electronic form (see below).  This will allow parties to appear remotely for the FSC and provide the PI Hub Courts with the opportunity to review the trial binders to determine whether parties are ready for trial.  Hard copies of the trial binders will continue to be required for the trial.

    a.   The parties must submit in one PDF conformed copies of the joint statement of the case, joint witness list, joint list of jury instructions, full-text joint and contested jury instructions, joint and/or contested verdict form(s), joint exhibit list, joint deposition designation chart, and operative pleadings as listed in paragraph C.1. above (Tabs C through J).

    b.   The trial briefs and Motions in Limine, oppositions, and replies, if any, must be submitted in a separate PDF as listed in paragraph C.1 above (Tabs A and B).  **If a**

**PAGE 14 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT**

2022-SJ-008-02

1      **Motion in Limine and exhibits thereto exceed 10 pages, the parties may submit**

2      **just the face page of the motion.** (The entire motion will still need to be brought to

3      the trial in the appropriate binder.)

4    c.  The PDFs must be text searchable.

5    d.  The PDFs must be bookmarked which is essentially an electronic tab so that the PI

6      Hub Court is able to find and navigate among the trial documents.

7      (See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-

8      pdfs.html for bookmarking instructions.)

9    e.  The PDFs must be emailed to the applicable email address listed below:

10         Department 27 at ssedept27FSC@LACourt.org

11         Department 28 at ssedept28FSC@LACourt.org

12         Department 29 at ssedept29FSC@LACourt.org

13         Department 30 at ssedept30FSC@LACourt.org

14         Department 31 at ssedept31FSC@LACourt.org

15         Department 32 at ssedept32FSC@LACourt.org

16    f.  The subject line in the email must include identifying case information as follows:

17      [Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of

18      Hearing Date] (e.g., 20STCV00001 Trial Readiness Binder, FSC 01/11/2022).

19    g.  Each email should have two PDFs attached – one containing the trial documents and

20      the other containing the trial briefs and Motions in Limine, if applicable.

21    h.  The parties need not email the evidentiary exhibit binders to the PI Hub Court for the

22      FSC. However, the parties shall prepare the exhibit binders as required (see section

23      3. Evidentiary Exhibits, below) and be prepared to represent to the PI Hub Court that

**PAGE 15 OF 19**

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

1  the binders have been properly prepared. Hard copies of the exhibit binders will be
2  required for the trial court.

3     3.  Evidentiary Exhibits

4       The parties shall jointly prepare (and be ready to temporarily lodge for inspection at the
5  FSC) three sets of tabbed, internally paginated by document, and properly marked exhibits,
6  organized numerically in three-ring binders (a set for the trial court, the Judicial Assistant, and
7  the witnesses). The parties shall mark all non-documentary exhibits and insert a simple written
8  description of the exhibit behind the corresponding numerical tab in the exhibit binder.

9     D.  Failure To Comply with Final Status Conference Obligations

10       The PI Hub Courts have the discretion to require any party or counsel of record who fails or
11  refuses to comply with this Standing Order to show cause why the Court should not impose
12  monetary, evidentiary, and/or issue sanctions (including the entry of a default or the striking of
13  an answer).

14  **13. Mandatory Settlement Conferences**

15       Mandatory Settlement Conferences (MSC) are available on a virtual platform hosted by
16  the Beverly Hills Bar Association at ResolveLawLA.com. MSCs are conducted by volunteer
17  attorneys from the American Board of Trial Advocates, the Association of Southern California
18  Defense Counsel, the Consumer Attorneys Association of Los Angeles, and the Beverly Hills
19  Bar Association and are overseen by the Court.

20  ///
21  ///
22  ///
23  ///

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

1   MSCs are available in cases with two sides[1] 1) by stipulation, or 2) by court order at the

2   Final Status Conference. If parties stipulate to participate in a ResolveLawLA MSC, they must

3   seek leave of Court to do so, by making an ex parte application using the PI Hub MSC

4   Stipulation form. Both parties should appear at the ex parte hearing. At the Final Status

5   Conference, the Court may order parties to participate in a MSC if the Court feels that it could

6   assist the parties in resolving the case.

7   Whether by stipulation or court order, parties must access the ResolveLawLA website

8   at www.ResolveLawLA.com to create an account and register the case for MSC within two court

9   days of the Court's order of the MSC. Plaintiff or its, her or his counsel (Plaintiff) must

10  coordinate with Defendant or its, her or his counsel (Defendant) and select a mutually agreed

11  upon date and time for the MSC prior to the trial date. Plaintiff shall also provide the name, email

12  address, and phone number for Defendant when registering the case for an MSC.

13  A MSC brief shall be lodged by each party at ResolveLawLA.com and served on all

14  parties not less than five court days before the scheduled MSC. The settlement conference

15  statement shall be limited to five pages on the MSC Brief and 10 pages for

16  exhibits. ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday,

17  excluding court holidays, and are conducted on a virtual platform. After a MSC is scheduled,

18  the ResolveLawLA system will send notifications via text and/or email and will include a link

19  for counsel, the parties, and insurance representatives to join the MSC remotely.

20

21

22

23

[1] Cases with cross-complaints or separately represented defendants are not eligible.

**PAGE 17 OF 19**

---

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

1    Pursuant to California Rules of Court, rule 3.1380(b) and Superior Court, Los Angeles

2    County, Local Rules, rule 3.25(d), counsel, the parties, and persons with full authority to settle

3    the case (including insurance company representatives) must attend the MSC virtually unless a

4    judicial officer has excused the virtual appearance for good cause. Once Defendants are notified

5    that a case has been scheduled for a MSC, Defendants shall create their own login to the

6    ResolveLawLA.com system, and shall list all parties, party representatives and insurance

7    adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be

8    canceled or rescheduled, it must be canceled through ResolveLawLA.

9    If the case settles before a scheduled MSC, parties shall forthwith notify the PI Hub Court

10   to which the case is assigned of such settlement. The parties should also document their

11   settlement agreement in writing signed by all parties whether before or at the scheduled MSC.

12   **14. Trials**

13   The PI Hub Courts do not conduct trials. On the trial date, all parties and/or their trial

14   counsel **must appear in person** in the PI Hub Court assigned to the case. Upon confirming that

15   the parties are trial-ready, the PI Hub Court will obtain a Trial Court assignment from Stanley

16   Mosk Courthouse, Department 1, and will inform the parties and/or trial counsel of the

17   assignment. The parties then have 20 minutes within which to exercise a peremptory challenge

18   to the assigned trial court, assuming that party had not previously exercised the party's right to

19   make such a challenge.

20   Should a Plaintiff fail to appear at trial, the PI Hub Court will dismiss the case without

21   prejudice. (Code of Civil Procedure section 581(b)(3).) If a Defendant fails to appear at trial, the

22   PI Hub court will obtain a Trial Court assignment from Department 1 and the Plaintiff will

23   ///

2022-SJ-008-02

1    proceed with an uncontested trial pursuant to Code of Civil Procedure section 594 and *Warden*

2    *v. Lamb* (1929) 98 Cal.App. 738, 741.

3    **15. Sanctions**

4          The Court has discretion to impose sanctions for any violation of this Standing Order.

5    (Code of Civil Procedure, sections 128.7, 187; Government Code, section 68608(b).)

6

7    Dated: 5/4/22

8                                                        Judge David J. Cowan
                                                         Supervising Judge, Civil Division

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**SEVENTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

> **Mediation may be appropriate when the parties**
> - want to work out a solution but need help from a neutral person.
> - have communication problems or strong emotions that interfere with resolution.
>
> **Mediation may not be appropriate when the parties**
> - want a public trial and want a judge or jury to decide the outcome.
> - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 02/22
For Mandatory Use

Page 1 of 2

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations
   to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
   cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may
offer online mediation by video conference for cases they accept. Before contacting these organizations,
review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small
claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases
   should carefully review the Notice and other information they may receive about (ODR)
   requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's
decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a
trial after the arbitrator's decision. For more information about arbitration, visit
http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close
to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement
officer who does not make a decision but who instead assists the parties in evaluating the strengths and
weaknesses of the case and in negotiating a settlement. For information about the Court's MSC
programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
              (INSERT DATE)                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➢  _____
      (TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➢  _____
      (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
      (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
      (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
      (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)
Date:

_____    ➢  _____
      (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)
Date:

_____    ➢  _____
      (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]   [ Save ]                                         [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____                                _____
                                                                          JUDICIAL OFFICER

[ Print ]          [ Save ]                                              [ Clear ]

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                )   ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation   )   EXTENDING TIME TO RESPOND BY
Stipulations                    )   30 DAYS WHEN PARTIES AGREE
                                )   TO EARLY ORGANIZATIONAL
                                )   MEETING STIPULATION
_____    )

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: _May 11, 2011_

5                                        Carolyn B. Kuhl, Supervising Judge of the

6                                        Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

**- DO NOT FILE WITH THE COURT-**

**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

CIV-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Scott E. Braybrooke<br>VOSS, SILVERMAN & BRAYBROOKE LLP<br>4640 Admiralty Way, Suite 800, Marina del Rey, CA 90292<br>fax number:  310.306.5368      email:  scott@vsbllp.com<br>**ATTORNEY FOR** *(name)*: Plaintiff Linet Aboolian<br>TELEPHONE NO.: 310.306.0515<br>SBN: 128369 | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF: Linet Aboolian
DEFENDANT: Target Corporation

| **STATEMENT OF DAMAGES**<br>**(Personal Injury or Wrongful Death)** | CASE NUMBER:<br>22STCV24000 |
|---|---|

To *(name of one defendant only)*: Target Corporation
Plaintiff *(name of one plaintiff only)*: Linet Aboolian
seeks damages in the above-entitled action, as follows:

**AMOUNT**

**1. General damages**

a. [X] Pain, suffering, and inconvenience ........................................................... $ _____500,000.00_____

b. [ ] Emotional distress. ........................................................................................ $ _____

c. [ ] Loss of consortium ........................................................................................ $ _____

d. [ ] Loss of society and companionship *(wrongful death actions only)* ........... $ _____

e. [ ] Other *(specify)* _____ $ _____

f. [ ] Other *(specify)* _____ $ _____

g. [ ] Continued on Attachment 1.g.

**2. Special damages**

a. [X] Medical expenses *(to date)* ...................................................................... $ _____125,000.00_____

b. [X] Future medical expenses *(present value)* ................................................. $ _____50,000.00_____

c. [X] Loss of earnings *(to date)* ......................................................................... $ _____10,000.00_____

d. [X] Loss of future earning capacity *(present value)* ...................................... $ _____250,000.00_____

e. [ ] Property damage ......................................................................................... $ _____

f. [ ] Funeral expenses *(wrongful death actions only)* ...................................... $ _____

g. [ ] Future contributions *(present value) (wrongful death actions only)* ........ $ _____

h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ...... $ _____

i. [ ] Other *(specify)* _____ $ _____

j. [ ] Other *(specify)* _____ $ _____

k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
when pursuing a judgment in the suit filed against you.

Date: July 26, 2022

Scott E. Braybrooke
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-050 [Rev. January 1, 2007] | **STATEMENT OF DAMAGES**<br>**(Personal Injury or Wrongful Death)** | Code of Civil Procedure, §§ 425.11, 425.115<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder™ |
|---|---|---|

**CIV-050**

| PLAINTIFF: Linet Aboolian | CASE NUMBER: |
|---|---|
| DEFENDANT: Target Corporation | 22STCV24000 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages   ☐ Other *(specify):*

   b. on *(name):* Target Corporation
   c. by serving ☐ defendant   ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

DocuSign Envelope ID: AC39D91A-4134-494C-9765-451D9AB11CAA

Electronically FILED by Superior Court of California, County of Los Angeles on 08/16/2022 10:37 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Williams, Deputy Clerk

1  VOSS, SILVERMAN & BRAYBROOKE LLP
   SCOTT E. BRAYBROOKE, SBN 128369
2  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
3  T:(310)306-0515/F:(310) 306-5368

4
   PAIJUK LAW
5  GEORGE PAIJUK, SBN 324850
   3300 Foothill Blvd., Suite 8215
6  La Crescenta, CA 91214
   T:(818) 532-1890/F:(818) 532-1891
7
8  Attorneys for Plaintiff LINET ABOOLIAN

9  File No. C22116 SEB

10

11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13          FOR THE COUNTY OF LOS ANGELES -CENTRAL

14
   LINET ABOOLIAN,                    ) CASE NO: 22STCV24000
15                                     ) Assigned to the Hon. Audra Mori, Dept. 31,
               Plaintiff,              ) Spring Street
16                                     )
                                       ) *Complaint filed: 7/26/2022*
17     vs.                             )
                                       ) *Trial: 1/23/2024*
18  TARGET CORPORATION and DOES 1-10,  )
   inclusive,                          )
19                                     ) **NOTICE OF ASSOCIATION OF COUNSEL**
               Defendants.             )
20  _____)

21

22  TO:   THE COURT, ALL PARTIES HEREIN AND THEIR RESPECTIVE ATTORNEYS OF

23  RECORD:

24          Plaintiff LINET ABOOLIAN hereby associates PAIJUK LAW located at 3300 Foothill Blvd.,

25  Suite 8215, La Crescenta, CA 91214, Telephone: (818) 532-1890, as co-counsel for Plaintiff with VOSS,

26  SILVERMAN & BRAYBROOKE LLP.

27

28  Cont'd.

                                      - 1 -

DocuSign Envelope ID: AC39D91A-4134-494C-9765-451D9AB11CAA

1   Scott E. Braybrooke will be the lead and trial counsel.

2

3

4   DATED:        8/16/22              VOSS, SILVERMAN & BRAYBROOKE, LLP

5

6                          By: _____

7                                SCOTT E. BRAYBROOKE, Attorneys for
                                 Plaintiff LINET ABOOLIAN
8

9   DATED:  8/16/2022              PAIJUK LAW

10

11                         By: _____

12                               GEORGE PAIJUK, Attorneys for
                                 Plaintiff LINET ABOOLIAN
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

NOTICE OF ASSOCIATION OF COUNSEL

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is: 4640 Admiralty Way, Suite 800, Marina del Rey, California 90292-6602

On August 16, 2022, I served the foregoing document(s) described as

**NOTICE OF ASSOCIATION OF COUNSEL**

On the interested parties in this action set forth below [X] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED SERVICE LIST

[X]     VIA MAIL and EMAIL

[ ]     VIA OVERNIGHT DELIVERY
        I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to           . I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[X] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with the postage thereon fully prepaid, at 4640 Admiralty Way, Suite 800, Marina del Rey, California 90292, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     VIA MESSENGER
        I delivered such envelope(s) by hand, via Pro Courier, to the office(s) of the addresses(s) during regular business hours on said date.

[ ]     VIA TELECOPIER
        A copy of the above-referenced document(s) was transmitted, via facsimile transmission, to the above addressee on said date.

[ ]     VIA PERSONAL SERVICE
        I personally delivered such envelope(s) to the addressee at * California, at __:__ on said date.

I declare, under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on August 16, 2022, at Marina del Rey, California

_____
Maria Franco

1

**SERVICE LIST**

2

3
***Defendant Target Corporation:***
c/o CT Corporation
4
330 North Brand Blvd., #700
Glendale, CA 91203
5

6
***Co-Counsel for Plaintiff LINET ABOOLIAN:***
7
George Paijuk, Esq.
PAIJUK LAW
8
3300 Foothill Blvd., Suite 8215
La Crescenta, CA 91214
9
T:(818) 532-1890
10
F:(818) 532-1891
George@PaijukLaw.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28